**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Marcelo Musetti,<br><br>Plaintiff,<br><br>vs.<br><br>Jeffrey Brooks Bost and CMH Transport Inc.<br><br>Defendants. | Case No.: 8:25-cv-13681-JDA<br><br>**DEFENDANT CMH TRANSPORT, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |

Defendant CMH Transport, Inc. ("CMH Transport" or "Defendant") respectfully responds to the allegations in the Complaint filed by Plaintiff Marcelo Musetti ("Plaintiff") and asserts its counterclaims as follows:

**PARTIES AND JURISDICTION**

1. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 and therefore denies them.

2. Denied that Defendant CMH Transport, Inc. is incorporated under the laws of Alabama. CMH Transport is incorporated under the laws of Tennessee. As to the remaining allegations of Paragraph 2, admitted.

3. The allegations contained in Paragraph 3 are not directed to Defendant and therefore require no response. To the extent a response is required, upon information and belief, Jeffrey Bost is a resident of North Carolina and was working within the course of his employment in South Carolina at the time of the Accident.

4. The allegations contained in Paragraph 4 are not directed to Defendant and therefore require no response. To the extent a response is required, upon information and belief,

admitted as to the date and location of the Accident. Defendant denies any allegations of Plaintiff's purported injuries or damages.

5. The allegations contained in Paragraph 5 are not directed to Defendant and therefore require no response. To the extent a response is required, Defendant states that venue and jurisdiction are proper in the United States District Court of South Carolina.

**BACKGROUND**

6. The allegations contained in Paragraph 6 are not directed to Defendant and therefore require no response. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

7. Defendant objects to the phrase "the number 2 lane" as vague and ambiguous. Upon information and belief, the remaining allegations of Paragraph 7 are admitted.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT JEFFREY BROOKS BOST**
**(gross negligence, negligence, carelessness, recklessness, willfulness, and wantonness)**

11. Defendant adopts and incorporates its preceding responses and defenses as if fully set forth herein.

12. Defendant denies the allegations contained in Paragraph 12 and all subparagraphs contained therein.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

**SECOND CAUSE OF ACTION AGAINST CMH TRANSPORT, INC.**
**(Imputed Negligence)**

17. Defendant adopts and incorporates its preceding responses and defenses as if fully set forth herein.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant objects to the allegations in Paragraph 19 as impermissibly vague. Accordingly, denied.

**THIRD CAUSE OF ACTION AGAINST SWEET WALLEY TRUCKING, LLC (*SIC*)**
**(Negligent hiring, training, and supervision)**

20. Defendant adopts and incorporates its preceding responses and defenses as if fully set forth herein.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations and prayer for relief contained in the unnumbered paragraph beginning with WHEREFORE.

**AFFIRMATIVE AND OTHER DEFENSES**

26. Defendant denies each and every material allegation of the Complaint. Defendant denies all allegations of negligence. Defendant denies that it owed a duty to Plaintiff. Defendant denies all allegations of breach of duty. Defendant denies that Plaintiff's injuries and damages, if any, were caused by any conduct on the part of Defendant or any person or entity for whom or which Defendant is liable. Defendant denies that Plaintiff is entitled to recover any damages, costs,

or fees in any amount, of any type, and of any nature against Defendant or any person or entity for whom or which Defendant is liable.

27. Plaintiff is not the real party in interest.

28. Plaintiff's Complaint fails for failure to join an indispensable party.

29. The Complaint fails to state a claim upon which relief can be granted.

30. The Complaint fails for lack of causation.

31. There is no causal relation between the acts of Defendant, its agents, or employees, and any injury or damage to Plaintiff.

32. Plaintiff did not suffer any injury or damage by reason of any act or omission of Defendant.

33. The injuries to Plaintiff, if any, were proximately caused by the superseding and intervening acts of parties other than Defendant.

34. The alleged injuries to Plaintiff were caused by the actions, omissions, or negligence, or a combination of the actions, omissions, or negligence of a person or entity other than Defendant, who or which was not acting as the agent or servant of Defendant, and who or which was not acting at the instruction or subject to the control of Defendant.

35. Plaintiff's claims are barred by the doctrine of comparative negligence.

36. Plaintiff's claims are barred by the doctrine of open and obvious dangers.

37. Plaintiff's claims are barred by assumption of the risk.

38. Plaintiff's claims are barred by the failure to mitigate damages.

39. Defendant reserves the right to plead spoliation of evidence, if appropriate.

40. Plaintiff is not entitled to recover compensatory or punitive damages from Defendant for the claims asserted against it.

41. Defendant is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of Plaintiff by way of any settlement, judgment, or any other mechanism, regardless of whether such settlement, judgment, or other mechanism involved a party or non-party to this action.

42. Pending completion of discovery, Defendant asserts all defenses available pursuant to Federal Rules of Civil Procedure 8 and 12 and reserves the right to offer proof in support of any defenses which may apply in this case.

43. Plaintiff had the last clear chance to avoid the accident.

44. The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

45. Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States.

46. Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

47. Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature, and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

48. Any award of punitive damages to Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

49. Any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

50. Any award of punitive damages to Plaintiff in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams,* 127 S. Ct. 1057, 063 (2007).

51. Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiff seeks to punish Defendant for an injury inflicted upon nonparties to this litigation (e.g., victims whom Plaintiff does not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris v. Williams,* 127 S. Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

52. CMH Transport reserves the right to allege additional defenses and additional facts and circumstances in support of its defenses as the facts become available.

WHEREFORE, Defendant, having fully answered the Complaint, respectfully requests that the same be dismissed, that Plaintiff takes nothing thereby from Defendant, and that the Court award Defendant its costs and such other relief as the Court deems proper.

**CMH TRANSPORT, INC.'S COUNTERCLAIM AGAINST MARCELO MUSETTI**

Defendant/Counterclaim Plaintiff CMH Transport, Inc. makes the following allegations to support its Counterclaim against Plaintiff/Counterclaim-Defendant Marcelo Musetti:

**PARTIES**

53. Counterclaim Defendant Marcelo Musetti is a resident of the state of Florida.

54. Counterclaim Plaintiff CMH Transport, Inc. is incorporated under the laws of the state of Tennessee and has its principal place of business in Maryville, Tennessee.

**JURISDICTION AND VENUE**

55. This Court has subject matter jurisdiction over the counterclaim under 28 U.S.C. § 1367(a) because they are so related to Musetti's claims that they form part of the same case or controversy under Article III of the United States Constitution. In addition, the Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

56. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2), because this Court and Division embrace the place where this action was pending in state court, prior to its removal to this Court.

**FACTS**

57. On or about March 12, 2025, Defendant Jeffrey Bost was travelling South on I-85 in Oconee, County South Carolina in a vehicle owned and operated by CMH Transport, Inc.

58. Counterclaim Defendant Marcelo Musetti, also travelling South on I-85, failed to operate his vehicle in a reasonable and prudent manner and collided with CMH Transport's vehicle.

59. As a direct and proximate cause of Counterclaim Defendant's negligence, CMH Transport was forced to incur damages, including but not limited to property damage to its vehicle.

**COUNT ONE – NEGLIGENCE AND WANTONNESS**

60. Counterclaim Plaintiff reaffirms the allegations contained in Paragraphs 53-59 above and incorporates them herein.

61. Counterclaim Defendant acted with negligence and wantonness in the following manners:

a. Failure to maintain a proper lookout;

b. Failure to abide by the rules of the road;

c. Failure to use reasonable care for the safety and rights of other roadway users;

d. Failure to adhere to the standard of a reasonable person in the circumstance;

e. Operation of a motor vehicle with negligence, wantonness, and recklessness so as to create a dangerous situation.

62. As a direct and proximate cause, Counterclaim Plaintiff CMH Transport incurred damages.

63. Counterclaim Defendant Marcelo Musetti is the sole and proximate cause of the collision and the damages incurred thereafter.

**REQUEST FOR RELIEF**

64. CMH Transport requests compensatory and punitive damages in an amount to be determined.

65. CMH Transport requests the costs of bringing this action.

66. CMH Transport requests any other relief that this Court deems proper.

Respectfully submitted,

***s/ Andrew A. Mathias***

Andrew A. Mathias (Fed. Id. No. 10166)
**MAYNARD NEXSEN PC**
104 South Main Street Suite 900
Greenville, South Carolina 29601
Telephone: (864) 282-1195
Facsimile: (864) 477-2697
AMathias@maynardnexsen.com

*Attorney for Defendant CMH Transport, Inc.*

December 9, 2025
Greenville, South Carolina